UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOE ALVES, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY,<br><br>               Defendant. | C.A. No. 1:22-CV-11820-WGY |

**THE GOODYEAR TIRE & RUBBER COMPANY'S
MOTION TO DISMISS THE COMPLAINT
OR, IN THE ALTERNATIVE, TRANSFER VENUE**

Pursuant to Fed. R. Civ. P. 12(b)(2), The Goodyear Tire & Rubber Company ("Goodyear") hereby moves to dismiss the complaint filed by plaintiff Joe Alves ("Alves" or "Plaintiff") based on lack of personal jurisdiction. In the alternative, Goodyear requests transfer of this action to the Northern District of Ohio pursuant to Goodyear's mandatory forum selection clause and 28 U.S.C. § 1404(a).

As grounds for this motion, Goodyear states that Plaintiff has failed to meet his burden of establishing this Court's personal jurisdiction, either general or specific, over Goodyear. This is because for purposes of general jurisdiction Goodyear is "at home" only in Ohio (where it is incorporated and has its principal place of business), and for purposes of specific jurisdiction Plaintiff's claims do not arise out of or relate to conduct by Goodyear in Massachusetts, and Goodyear has not purposefully availed itself of the privilege of doing business in Massachusetts by virtue of its widely accessible website www.goodyear.com, which is the subject of this action. Due process and the Massachusetts long-arm statute therefore preclude this Court from exercising personal jurisdiction over Goodyear.

Alternatively, even if the Court concludes there is personal jurisdiction over Goodyear, the Court should transfer this action to the Northern District of Ohio pursuant to the valid forum selection clause in the Terms of Use that apply to Goodyear's website and 28 U.S.C. § 1404(a). Because Plaintiff's claims arise from his use of Goodyear's website, the valid forum selection clause in the website's Terms of Use—providing for the exclusive jurisdiction of courts in Ohio—necessitates transfer of this action to the Northern District of Ohio.

For the reasons set forth herein, and the declaration and memorandum of law filed herewith, Goodyear respectfully requests that this Court dismiss Plaintiff's complaint for lack of personal jurisdiction or, in the alternative, transfer this action to the Northern District of Ohio.

        Respectfully Submitted,

        THE GOODYEAR TIRE & RUBBER COMPANY,

        By its attorneys,

        */s/ Michael T. Maroney*
        Michael T. Maroney (BBO #653476)
        HOLLAND & KNIGHT LLP
        10 St. James Avenue
        Boston, MA 02116
        (617) 523-2700
        michael.maroney@hklaw.com

        Mark S. Melodia (Pro Hac Vice)
        Sophie L. Kletzien (Pro Hac Vice)
        HOLLAND & KNIGHT LLP
        31 West 52nd Street
        New York, NY 10019
        (212) 513-3200
        mark.melodia@hklaw.com
        sophie.kletzien@hklaw.com

Date: December 16, 2022

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Goodyear respectfully requests oral argument on this motion to dismiss.

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

The undersigned counsel for defendant hereby certifies that he conferred with plaintiff's counsel on December 15, 2022 in a good faith attempt to resolve or narrow the issues presented in this motion, and that plaintiff does not assent to the relief sought in this motion.

*/s/ Michael T. Maroney*
Michael T. Maroney

## CERTIFICATE OF SERVICE

I, Michael T. Maroney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 16th day of December, 2022.

*/s/ Michael T. Maroney*
Michael T. Maroney

Dated: December 16, 2022